STATE OF WEST VIRGINIA ex rel. BLUE, State Com'r of Prohibition, v. ADAMS EXPRESS CO. et al.

(District Court, S. D. West Virginia.   October 19, 1914.)

No. 620.

INTOXICATING LIQUORS ⚖═➤146—WRONGFUL SALE—INTERSTATE COMMERCE—SHIPPING INTO DRY TERRITORY—ADVERTISING THROUGH MAILS—PERSONAL USE.

That a licensed wholesale liquor dealer residing in Ohio mailed advertising matter into dry territory in West Virginia, soliciting a West Virginia citizen to purchase liquor for his individual use, and shipped liquor to the buyer in West Virginia, did not constitute a violation of Yost Law W. Va. (Laws 1913, c. 13) §§ 3, 8, nor Wilson Act Aug. 8, 1890, c. 728, 26 Stat. 313 (Comp. St. 1913, § 8738), or Webb-Kenyon Act March 1, 1913, c. 90, 37 Stat. 699 (Comp. St. 1913, § 8739), regulating the transportation of liquors.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 159, 160, 163; Dec. Dig. ⚖═➤146.]

In Equity.   Suit by the State of West Virginia, on relation of Fred O. Blue, State Commissioner of Prohibition, against the Adams Express Company and others.   On motion to dismiss.   Granted.

Fred O. Blue, of Philippi, W. Va., for plaintiff.

Price, Smith, Spilman & Clay, of Charleston, W. Va., for defendants.

KELLER, District Judge.   This suit was brought in the circuit court of Kanawha county, W. Va., and thence removed to this court upon the petition of Adams Express Company, one of the defendants, and is before me upon bill and answer, and a motion by said defendant to dissolve an ex parte temporary injunction awarded by the circuit court of Kanawha county before the filing of the petition for removal, and to dismiss the bill.

The petition for removal is based on the first clause of section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [Comp. St. 1913, § 1010]), viz., that the suit is one arising under the Constitution or laws of the United States.   This is conceded to be true by the plaintiff state, and the bill and answer read together set forth the following facts:

Edward Beigel, one of the defendants (not served), is a wholesale dealer in Cincinnati, Ohio, handling the products of Pabst Brewing Company, of Milwaukee, Wis.   Prior to the 1st of July, 1914, he had been in the habit of mailing letters to inhabitants of West Virginia, advertising these goods as for sale by him and inclosing price lists thereof.   Since the said 1st day of July, 1914, he has continued the same practice and I take it to be admitted for the purposes of this case that he sent such letters and circular to one R. H. Clendennin, who thereupon ordered by letter for his own personal use one-fourth barrel of beer, amounting to eight gallons, and inclosed his check for the purchase price thereof to said Edward Beigel, at Cincinnati, Ohio.

Thereupon said Beigel delivered said one-fourth barrel of beer to the defendant Adams Express Company, at Cincinnati, Ohio, consigned to R. H. Clendennin, at Charleston, W. Va., and upon its arrival at Charleston this suit was brought, asking for an injunction (preliminary awarded), and praying that defendant Adams Express Company be adjudged to be a common nuisance.

The order of injunction prepared at the instance of plaintiff will illustrate the legal position contended for by the plaintiff; and a portion of it is here reproduced:

"The defendant the Adams Express Company, its agents, employés and representatives, be enjoined and restrained from delivering to the defendant R. H. Clendennin the consignment of liquors mentioned in said bill, viz., one-fourth barrel of draught beer, and that the said defendant the Adams Express Company, its agents and employés and representatives, be further enjoined from delivering to defendants, or to any other person, any shipment of liquors manufactured by the Pabst Brewing Company and handled by said defendant Beigel, or any of his agents, representatives, or employés, at any place where said defendant company operates in the state of West Virginia, within the jurisdiction of the court, unless the consignee of any such liquors can show to the satisfaction of the defendant express company, its agents, representatives, and employés, that he, without solicitation from said Beigel, or any of his agents, representatives, or employés, ordered the consignment of liquors for his own personal lawful use without having received from the said Beigel, or any of his agents, representatives, or employés, advertisements or letters soliciting orders for liquors, or price lists or order blanks advertising or soliciting from the consignee orders for liquors."

The state contends that the effect of its own legislation (sections 3 and 8, Yost Law) and the federal legislation contained in the Wilson Act and the Webb-Kenyon Act is to render it unlawful for a wholesale liquor dealer, residing in Ohio and having there both state and federal licenses for the conduct of his business, to use the United States mails to inform citizens of West Virginia of his business and the terms upon which it is conducted. At the same time in argument it was admitted that the West Virginia citizen intending liquor for his own use, had a perfect right to order it from a licensed dealer, and unquestionably would have a right to inquire by mail or otherwise of the dealer as to his prices, in which case, of course, the dealer would have a right to afford the information desired; but it is argued that when the dealer opens such correspondence by letter or circular advertising his business he thereby violates sections 3 and 8 of the Yost Law, and further vitiates the subsequent (and otherwise lawful) order of the person receiving such letter or circular. ·

To this view I cannot assent. I cannot conceive that such use of the United States mails as is alleged in the bill can or does violate any section of the Yost Act, or that the court of last resort of the state will so construe said act. However, if it should so construe said act, I have no doubt but that the highest federal court would hold the law in that respect to be unconstitutional. However, that is a matter not directly arising here, as I do not construe the Yost Act as attempting to forbid the use of the United States mails to nonresident wholesalers of liquor in advertising their lawful business.

Hence there is nothing in either the Wilson Act or the Webb-Kenyon Act which authorized the state to interfere with the shipment and delivery of liquors ordered by a citizen of West Virginia for his own personal use from a licensed wholesale dealer without the state, and it follows that the preliminary injunction awarded by the circuit court of Kanawha county should be dissolved and the bill dismissed. I wish it understood that this ruling is made strictly upon the case before me, and has no reference to what might be the duties or obligations of the transportation company in the case of a consignment of liquor intended by the consignee to be resold or used in violation of the laws of West Virginia.